# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

                    Plaintiff,

v.

S. STAEVENS, HOHENEVER, and
KARINA L. DORROW-STEVENS,

                    Defendants.

Case No. 20-CV-1364-JPS

**ORDER**

      Plaintiff Terrance Lavell Kirksey, an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On June 16, 2021, the Court permitted Plaintiff to pay his initial partial filing fee of $43.34 from his release account. (Docket #19). Plaintiff paid that fee on June 25, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay

the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff states that on August 24, 2020,[1] while incarcerated at Green Bay Correctional Institution ("GBCI"), he felt the urge to harm himself around 7:40 a.m. (Docket #1 at 3). Plaintiff began to self-harm by pounding his head on the wall of his cell. (*Id.*) Plaintiff and other inmates pressed their emergency buttons to notify staff that Plaintiff was self-harming. *See* (*Id.*) A male officer answered the intercom in Plaintiff's cell and Plaintiff informed him that Plaintiff was self-harming. (*Id.*) However, no staff immediately came to investigate. (*Id.*)

At approximately 8:20 a.m., other inmates yelled for assistance and a social worker came to Plaintiff's cell. (*Id.*) Plaintiff told the social worker that he had self-harmed, and the social worker notified staff of the issue. (*Id.* at 3–4). Soon, two female officers came to Plaintiff's cell and escorted him to see Defendant S. Staevens ("Nurse Staevens"). (*Id.* at 4). Plaintiff

---

[1]Plaintiff filed his complaint in this Court a mere ten days later. In light of the multiple levels of administrative review that a prisoner must complete under state law before filing a lawsuit, *see* Wis. Admin. Code §§ DOC 310.07–13, the timing of the complaint raises the question whether Plaintiff exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a), prior to filing this lawsuit. A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216–17 (2007), so the Court need not resolve that issue now. But if Plaintiff has not completed the grievance process, his complaint will be subject to dismissal if Defendants raise the issue later. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

explained to Nurse Staevens what happened and his mental health history. (*Id.*) While Plaintiff was talking to Nurse Staevens, a male officer entered the room and threw a roll of tissue paper at Plaintiff. (*Id.*) The male officer stated that the tissue paper was the reason why Plaintiff self-harmed. (*Id.*) Plaintiff stated, "who are you to decide why I self-harmed." (*Id.*) Nurse Staevens asked Plaintiff why he self-harmed, and Plaintiff told her that it just happens. (*Id.*) Plaintiff also told Nurse Staevens that he was there to see her for his injuries, including the fact that he had a concussion in the past. (*Id.*) Apparently, the male officer interrupted Plaintiff's conversation with Nurse Staevens, and Plaintiff became argumentative with the male officer. (*Id.* at 4–5). Plaintiff alleges that the male officer, Nurse Staevens, and the two female officers refused to provide him any medical attention and did not place him on observation status. (*Id.* at 5).

Plaintiff was escorted back to his cell by two officers. (*Id.*) Plaintiff told these officers that he was going to self-harm again. (*Id.*) The officers ignored Plaintiff's threat and placed him in his cell. (*Id.*) Around 8:44 a.m., Defendant Hohenever came to Plaintiff's cell and "acted as if she was going to notify mental health or supervisor when I requested them and medical but it was a fallacy." (*Id.*) Plaintiff self-harmed again that day. (*Id.*) That night, around 10:00 p.m., Plaintiff sent a request to psychological services. (*Id.*)

The next day, August 25, 2020, around 10:30 a.m., psychological staff, Defendant Karina L. Dorrow-Stevens ("Karina"), visited Plaintiff's cell. (*Id.*) Plaintiff told her that he self-harmed, was denied medical and mental health treatment, and was not placed on observation. (*Id.* at 5–6). Karina asked Plaintiff if he was okay now, and he told her no. (*Id.* at 6). She asked Plaintiff if he wanted to self-harm and Plaintiff told her no, but did

state that he was in pain. (*Id.*) Karina told Plaintiff to "write a white shirt" and walked off. (*Id.*)

### 2.3 Analysis

Plaintiff has alleged two different claims under the Eighth Amendment. The first is against Defendant Hohenever for deliberate indifference to Plaintiff's serious medical need–his risk of self-harm and/or suicide. The second is against Defendants Karina and Nurse Staevens for deliberate indifference to Plaintiff's serious medical need–the alleged injury to his head. For the reasons stated below, Plaintiff may proceed on both claims.

#### 2.3.1 Defendant Hohenever

Plaintiff has stated a claim against Defendant Hohenever for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Claims for deliberate indifference to an inmate's suicide risk are legion in federal courts, and so extensive case law has developed to interpret them. The basic formulation of the claim involves an objective and a subjective component. *Collins v. Seeman*, 462 F.3d 757, 760–61 (7th Cir. 2006). First, a plaintiff must show that the harm (or potential harm) was objectively, sufficiently serious and a substantial risk to his health. *Id.* at 760; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "It goes without saying that 'suicide is a serious harm.'" *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). It is not clear that Plaintiff pounding his head on the wall could have actually led to his death. Nevertheless, in light of the low level of scrutiny applied at the screening stage, the Court can infer that the risk of harm was sufficiently serious.

Second, a plaintiff must establish that each defendant displayed deliberate indifference to his risk of self-harm and/or suicide. *Collins*, 462 F.3d at 761; *Sanville*, 266 F.3d at 733. This, in turn, requires a dual showing that the defendant: (1) subjectively knew that the inmate was at substantial risk of committing suicide and (2) intentionally disregarded the risk. *Collins*, 462 F.3d at 761; *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). In this case, Plaintiff told Hohenever that he wanted to see mental health services, medical services, and/or a supervisor. (Docket #1 at 5). According to Plaintiff, Hohenever "acted as if she was going to notify mental health or supervisor when I requested them and medical but it was a fallacy." (*Id.*) Plaintiff self-harmed again that day after he talked to Hohenever. (*Id.*) It is unknown whether Hohenever actually knew that Plaintiff was going to self-harm. Further, it is unclear if Hohenever informed mental health, medical services, or a supervisor of Plaintiff's request. However, under the lenient standard at the screening stage, the Court finds that Plaintiff has alleged enough to state a claim that Hohenever was deliberately indifferent to his serious medical need, risk of self-harm and/or suicide, in violation of the Eighth Amendment.

### 2.3.2 Defendants Staevens and Karina

The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). To sustain this claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). An objectively serious medical condition is one that "has

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The deliberate indifference inquiry includes two components: the official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). To show that a delay in providing treatment is actionable under the Eighth Amendment, a plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged his pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

In light of the low bar applied at the screening stage, the Court finds that Plaintiff's allegations state a claim for deliberate indifference to a serious medical condition in violation of the Eighth Amendment. Plaintiff's claims that he had a head injury sufficiently allege a serious medical condition. Plaintiff also adequately alleges that Nurse Staevens and Karina knew about his medical condition and did little about it. Nurse Staevens allegedly denied him medical treatment when he went to see her after his first instance of self-harm. Additionally, Plaintiff told Karina that he was in pain from his head injury and the only help she gave him was a directive to "write a white shirt." (Docket #1 at 6). Taking Plaintiff's statements as true, his complaint sufficiently states a claim for deliberate indifference to a serious medical condition, in violation of the Eighth Amendment, against Nurse Staevens and Karina.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical needs, risk of self-harm and/or suicide, in violation of the Eighth Amendment, against Hohenever; and

**Claim Two:** Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, against Nurse Staevens and Karina.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants S. Staevens, Hohenever, and Karina L. Dorrow-Stevens;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $306.66 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the

case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge