# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>                Plaintiff,<br><br>v.<br><br>SARAH STAEVENS, PAIGE VANDEN PLAS, and KATRINA DOROW-STEVENS,<br><br>                Defendants. | Case No. 20-CV-1364-JPS<br><br>**ORDER** |

      Plaintiff Terrance Lavell Kirksey ("Plaintiff"), a prisoner proceeding in this matter pro se, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). On August 18, 2021, this Court screened the complaint and allowed Plaintiff to proceed on a claim of deliberate indifference in violation of the Eighth Amendment. (Docket #20).

      On September 29, 2021, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (Docket #28). This motion has been fully briefed, and, for the reasons explained below, the Court will grant it. The Court will also address Plaintiff's motion for summary judgment. (Docket #32).

**1.    STANDARD OF REVIEW**

    **1.1    Summary Judgment**

      Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir.

2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1   Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system (the "ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner (the "ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority (the "RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner (the "CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Plaintiff was confined at Green Bay Correctional Institution ("Green Bay") and housed in the restricted housing unit (the "RHU") at all times relevant. (Docket #34 at 1). On August 24, 2020, Plaintiff engaged in acts of self-harm, which resulted in injury to his head. (*Id.* at 1–2). That day, he submitted a letter to the Secretary of the DOC complaining about the incident. (*Id.* at 2–3). The DOC Secretary received this letter on September 3, 2020. (*Id.* at 3; Docket #35-1 at 3). On September 11, 2020, Plaintiff received a "CCE Return Letter." (Docket #35-1 at 3). Therein, CCE E. Davidson informed Plaintiff that,

> The submission received on 09/03/2020 is not accepted . . . . Your letter addressed to the Secretary of the Department of Corrections received September 3, 2020, has been referred to the Corrections Complaint Examiner's Office for a response . . . . The Department has established the [ICRS] . . . . The complaint you submitted to the Secretary's Office should be handled through that process . . . . You are encouraged to access the ICRS for such complaints in the future.

(*Id.*)

On either September 16 or 17, 2020, using ICRS, Plaintiff filed an inmate complaint about the August 24, 2020 event. (Docket #35 at 2; #35-1 at 4–5). Green Bay's CCE rejected this inmate complaint, citing that it was not filed within the fourteen days allowed under Wis. Admin. Code § DOC 310.07(2). (Docket #35-1 at 5). Plaintiff appealed, and Warden M. Haese affirmed the CCE's decision. (*Id.* at 11).

3. ANALYSIS

Defendants argue that Plaintiff did not timely file an inmate complaint through ICRS within fourteen days of the self-harm event. As discussed above, to fully exhaust available administrative remedies, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell*, 431 F.3d at 284–85. Here, Plaintiff sent a letter to the DOC Secretary the same day that his injuries occurred—but this is not the process required by the state's administrative code. Plaintiff did not file his inmate complaint via ICRS until September 16 or 17, 2020. Both dates fall outside of the fourteen-day window. Plaintiff offers no good cause for his failure to timely file his inmate complaint using the proper process. Accordingly, the Court will grant Defendants' motion for summary judgment. *See Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("The exhaustion requirement is interpreted strictly; thus, a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'") (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015), *overruled on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020)).

## 4. CONCLUSION

For the reasons explained above, the Court will grant Defendants' motion for summary judgment, (Docket #28). Plaintiff failed to properly and timely exhaust his administrative remedies. As to Plaintiff's motion for summary judgment, (Docket #32), the Court will deny it as moot.[2] Plaintiff also submitted a letter requesting a *Pavey* hearing, (Docket #36); such a hearing, however, is not necessary as the agreed-to, material facts in this case illustrate that Plaintiff failed to exhaust his administrative remedies.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #28) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #32) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[2] Further, beyond being moot, Plaintiff's motion and its accompanying docket entries read more as a response to Defendants' motion than a cross-motion.